```
        IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
                             CENTRAL DIVISION
_____

JOHN PERRY CHANEY                    )    MEMORANDUM DECISION &
AKA JOHN-PERRY BIRDSALL-PERRY        )    DISMISSAL ORDER
                                     )
          Petitioner,                )
                                     )
     v.                              )    Case No. 2:06-CV-1012 TS
                                     )
STEVEN TURLEY et al.,                )
                                     )
          Respondents.               )    District Judge Ted Stewart
_____
```

Petitioner, John Perry Chaney, an inmate at Utah State Prison, filed a federal habeas corpus petition here. He challenges his conviction on June 16, 1997 for rape of a child as an accomplice, a first-degree felony, resulting in a five-to-life sentence.

Petitioner's conviction was affirmed by the Utah Court of Appeals, then his petition for writ of certiorari was denied by the Utah Supreme Court on March 30, 2000. He filed no state petition for post-conviction relief.

On October 27, 2006, Petitioner filed this petition, contesting his conviction under 28 U.S.C. § 2254. He argues that his conviction was invalid because Utah lacked jurisdiction over his case as he was not a Utah resident; his daughter was of marriageable age; a father's written permission should be sufficient to authorize his child's marriage; he was abducted by the State of Michigan when it executed a warrant to take him into custody; there was no trial by jury; the judge was prejudiced;

the transcript was tampered with; and myriad vague and nonsensical other possible claims.  The Court notes that Petitioner's writings in the documents on file in this case are mostly rambling, incoherent, and irrelevant.

Petitioner also appears to allege various claims regarding his conditions of confinement.

The State responded, moving the Court to deny this petition because Petitioner has filed his claims past the period of limitation.  The Court agrees that this petition is untimely.

## ANALYSIS

### I.  Period of Limitation

The statute setting forth the period of limitation for federal habeas petitions reads in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C.S. § 2244(d)(1) (2010).

Petitioner's conviction became final on June 28, 2000, the date upon which he failed to file a petition for writ of certiorari with the United States Supreme Court.  On that date, the period of limitation for filing a federal habeas petition began running and expired one year later, on June 28, 2001,

adding any time possibly tolled by statute or equitable grounds. *See id.* § 2244(d); *Gibson v. Klinger*, 232 F.3d 799, 803, 808 (10th Cir. 2000).

By statute, the one-year period of limitation is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C.S. § 2244(d)(2) (2010).  Meanwhile, equitable tolling is also available but "'only in rare and exceptional circumstances.'" *Stanley v. McKune*, No. 05-3100, 2005 U.S. App. LEXIS 9872, at *4 (10th Cir. May 23, 2005) (quoting *Gibson*, 232 F.3d at 808).

Because Petitioner filed no state post-conviction or other-collateral-review applications, there are no grounds for statutory tolling, so the Court goes on to consider Petitioner's arguments of equitable tolling.  Petitioner tries to excuse his failure to timely file his petition by asserting that he did not understand the law and that his attempt around June of 2004 to file a habeas petition was thwarted by prison staff.

"Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."  *Calderon v. United States Dist. Court*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted).  Those situations include times "'when a prisoner is actually innocent'"

or "'when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.'" *Stanley*, 2005 U.S. App. LEXIS 9872, at *4 (quoting *Gibson*, 232 F.3d at 808 (citation omitted)). And, Petitioner "has the burden of demonstrating that equitable tolling should apply." Because Petitioner has not argued actual innocence, the Court focuses on alleged uncontrollable circumstances.

Against the backdrop of these general principles the Court evaluates Petitioner's specific arguments. First, as to Petitioner's lack of knowledge about the law, it is well settled that "'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted). This argument thus fails. Next, as to his thwarted attempt to file a petition in June 2004 or thereabouts, Petitioner does not explain why he did not file his petition between June of 2000 and June 2004, then from July 2004 to September 2006. In fact, the period of limitation had already expired by June 2004, around when he asserts he was foiled. He does not assert any other extraordinary circumstances whatsoever.

During the running of the federal period of limitation and beyond, Petitioner apparently took no steps himself to

4

"diligently pursue his federal claims."  His response shows no signs of this kind of self-directed tenacity.  In sum, the circumstances raised by Petitioner did not render it beyond his control to timely file his petition here.

Accordingly, the above claims before the Court were filed past the one-year period of limitation.  And, neither statutory exceptions nor equitable tolling apply to save Petitioner from the period of limitation's operation.  Petitioner's claims are thus denied.

Finally, Petitioner's possible claims alleging that his conditions of confinement violate the Constitution are inappropriately brought in this habeas petition.  If Petitioner wishes to further pursue any civil rights claims regarding the conditions of his confinement, he may do so in a § 1983 complaint.

IT IS THEREFORE ORDERED that this petition is DENIED.  This case is CLOSED.

DATED this 16th day of February, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge